IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA LAWRENCE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANDREW CHRISTENSEN, | ) | Case No. 4:23-cv-136 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| LOUISVILLE LADDER, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve at: | ) | |
| | ) | |
| CT Corporation System | ) | |
| 120 S. Central Ave | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WALMART, INC. | ) | |
| | ) | |
| Serve at: | ) | |
| | ) | |
| CT Corporation System | ) | |
| 120 S. Central Ave | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

### <u>SUBJECT MATTER JURISDICTION AND VENUE</u>

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because

the amount in controversy as to the Plaintiffs exceeds $75,000, exclusive of interest and costs,

and because complete diversity exists between the parties, as Plaintiffs Andrew Christensen and Jessica Lawrence (hereinafter "Plaintiffs") are citizens of St. Louis, Missouri, which is different from the states where Defendants are all incorporated and have their principal place of business.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claim occurred in this district where Defendants are subject to personal jurisdiction in accordance with 28 U.S.C. § 1391(c).  Plaintiff Jessica Lawrence purchased the ladder at issue in this litigation in this district, and Plaintiff Andrew Christensen was injured on the ladder in this district.  Defendants conducted continuous, systematic, and substantial business in this district.

## NATURE OF THE CASE

3.    Plaintiffs Jessica Lawrence ("Lawrence") and Andrew Christensen ("Christensen") bring this action to address serious safety-related manifest defects in the design, manufacture, distribution, marketing, promotion and sale of Defendant Louisville Ladder, Inc.'s ("Louisville Ladder") ladder system described herein.

4.    Defendants received information prior to the events complained of herein indicating that ladders manufactured by Defendant Louisville Ladder are defective and subject to collapsing and folding into themselves.

5.    Defendants knew or should have known of these problems and the dangerous condition of these ladders, yet failed to inform purchasers of the dangerous condition of the ladders, and instead sold the ladders as suitable and safe for use by consumers.

6.    Plaintiff Lawrence seeks to certify certain counts of this case as a class action, and to recover damages and equitable relief, including restitution and injunctive relief, related to her purchase of the defective ladder.

7.    Plaintiff Christensen's counts are related to injuries he suffered during his use of the ladder due to the defective condition of the ladder.

## PARTIES

8.    Plaintiff Lawrence is a resident of St. Louis County, Missouri.

9.    Plaintiff Christensen is a resident of St. Louis County, Missouri.

10.    On information and belief, Defendant Louisville Ladder is a Delaware corporation with its principal office located in Louisville, Kentucky.  Louisville Ladder designed, manufactured, marketed, promoted and sold the ladder that is the subject of this lawsuit (hereinafter described in detail).  Louisville Ladder is and was at all times relevant herein doing business in and/or directing its activities at the State of Missouri, and has, at all relevant times conducted continuous and systematic business in the State of Missouri and throughout the United States.

11.    On information and belief, Defendant Walmart is a Delaware corporation with its principal place of business located in Bentonville, Arkansas.  Walmart marketed, promoted and sold the ladder that is the subject of this lawsuit.  Walmart is and was at all times relevant herein doing business in and/or directing its activities at the State of Missouri, and has, at all relevant times conducted continuous and systematic business in the State of Missouri and throughout the United States.

12.    At all times relevant herein, Defendants transacted, solicited, and conducted business in the State of Missouri, and in particular this district, and derived substantial revenue from such business.

13.    Upon information and belief, at all relevant times, Defendants committed tortious acts within the State of Missouri, out of which acts these causes of action arise.

## FACTUAL BACKGROUND

14.    On June 2, 2019, Plaintiff Lawrence purchased a Louisville Ladder Model W-2112-065 (this model of the ladder and similar models referred to herein as the "Ladder") at a Walmart store located in Missouri.  The Ladder showed a manufactured date of February, 2019.

15.    The Ladder remained in its original packaging until April 28, 2020, when Plaintiff Christensen unwrapped it for its first use to conduct some repairs requested by Plaintiff Lawrence (his fiancée's mother).

16.    Plaintiff Christensen was standing on the fourth rung of the Ladder doing repairs at Plaintiff Lawrence's home when the metal first rung of the Ladder collapsed into itself and caused the Ladder to topple.

17.    Plaintiff Christensen's weight was less than the weight limit for the Ladder. Plaintiff Christensen was standing on the fourth rung of the Ladder which was a safe rung to stand upon based on the manufacturer's published information.

18.    Plaintiff Christensen's hand was fractured in multiple places, requiring surgical repair.

19.    The Ladder suffers from a manifest design or manufacturing defect that caused the metal first rung to fail, and bend and twist onto itself.

20.    The design and material of the Ladder was not sufficiently tested by Defendants.

21.    Defendants had information in their possession that Louisville Ladder products had suffered the same failure prior to Plaintiffs' purchase and use of the Ladder.

22.    Defendants sold the Ladder to Plaintiff Lawrence after they knew the Ladder was defective, had injured others, and would injure Plaintiff Christensen.

23.     The Consumer Product Safety Commission ("CPSC") had received numerous reports of ladder failures similar to Plaintiffs' Ladder prior to the sale of the Ladder to Plaintiffs, and the CPSC had forwarded those reports to Louisville Ladder.

24.     Defendant Louisville Ladder has denied responsibility for the collapse of the ladder and/or Plaintiff Christensen's injuries.

25.     Defendant Walmart failed to warn Plaintiffs of the dangerous and defective nature of the Ladder sold to Plaintiff Lawrence through proper labeling or other methods.

26.     As a direct and proximate result of the failure of the Ladder and Defendants' wrongful conduct, Plaintiff Lawrence sustained economic damages from the purchase of the defective Ladder.  Plaintiff Christensen sustained and continues to suffer economic damages (including lost wages, medical and hospital expenses), severe and possibly permanent injuries, pain, suffering and emotional distress.  As a result, Plaintiffs have sustained and will continue to sustain damages in an amount to be proven at trial, but which will far exceed the $75,000 jurisdictional amount of this Court.

## COUNT I
## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT
### (Plaintiff Christensen Against Defendant Louisville Ladder)

27.     Plaintiff Christensen incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

28.     Defendant Louisville Ladder is the manufacturer, designer, distributor, seller, and/or supplier of ladders, including the Ladder.

29.     The Ladder manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendant was manifestly defective in its manufacture and construction and unreasonably dangerous when it left the hands of Defendant in that it deviated

5

from product specifications and/or applicable industry, federal and state standards for ladders, posing a serious risk of injury and death.

30.     As a direct and proximate result of Plaintiff Christensen's use of the Ladder as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendant and/or the failure to comply with industry, federal and state standards for ladders, Plaintiff Christensen suffered physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

31.     Plaintiff Christnensen's use of the Ladder was a reasonably anticipated use in a reasonably anticipated manner.

32.     Defendant's actions and omissions as alleged in this Complaint constitute a flagrant disregard for human life, so as to warrant the imposition of punitive damages.

33.     Plaintiff Christensen seeks actual and punitive damages from Defendant as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendant Louisville Ladder for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

## COUNT II
### STRICT PRODUCTS LIABILITY – DESIGN DEFECT
**(Plaintiff Christensen Against Defendant Louisville Ladder)**

34.     Plaintiff Christensen incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

35.     Defendant Louisville Ladder is the manufacturer, designer, distributor, seller, and/or supplier of ladders, including the Ladder.

36.     The Ladder manufactured and supplied by Defendant was manifestly defective in design or formulation and unreasonably dangerous in that, when it left the hands of Defendant, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect, and/or it failed to comply with industry, federal, and state standards for ladders.

37.     The foreseeable risks associated with the design or formulation of the Ladder include, but are not limited to, the fact that the design or formulation of the Ladder is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner, and/or it failed to comply with industry, federal or state standards.  Specifically, the material design and formulation of the ladder rungs is not strong enough to maintain its form when a user stands on it.

38.     As a direct and proximate result of Plaintiff Christensen's use of the Ladder as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendant and/or its failure to comply with federal standards, Plaintiff Christensen suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

39.     Plaintiff Christensen's use of the Ladder was a reasonably anticipated use in a reasonably anticipated manner.

40.     Defendant's actions and omissions as alleged in this Complaint demonstrate a flagrant disregard for human life, which warrants the imposition of punitive damages.

41.     Plaintiff Christensen seeks actual and punitive damages from Defendant as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendant Louisville Ladder for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

**COUNT III**
**STRICT PRODUCTS LIABILITY – DEFECT DUE TO**
**NONCONFORMANCE WITH REPRESENTATIONS**
**(Plaintiff Christensen Against All Defendants)**

42.     Plaintiff Christensen incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

43.     Defendants are the manufacturers, designers, distributors, sellers, suppliers and sellers of ladders, including the Ladder.

44.     The Ladder manufactured, supplied and sold by Defendants was manifestly defective and unreasonably dangerous in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the product and/or with applicable industry, federal and state standards.

45.     Defendants made representations to consumers regarding the character or quality of the Ladder, including but not limited to, statements regarding the safe use of the Ladder.

46.     Plaintiff Christensen justifiably relied upon Defendants' representations regarding the Ladder when he opted to use the Ladder at the home of Plaintiff Lawrence.

47.     As a direct and proximate result of Plaintiff Christensen's use of the Ladder, and Plaintiff's reliance on Defendants' representations regarding the character and quality of the Ladder, and/or failure to comply with industry, federal and statement standards, and misrepresentations regarding the safe use of the Ladder, Plaintiff Christensen suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

48.    Plaintiff Christensen's use of the Ladder was a reasonably anticipated use in a reasonably anticipated manner.

49.    Defendants' actions and omissions as alleged in this Complaint demonstrate a flagrant disregard for human life, which warrants the imposition of punitive damages.

50.    Plaintiff Christensen seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

**COUNT IV**
**STRICT PRODUCTS LIABILITY – FAILURE TO WARN**
**(Against All Defendants)**

51.    Plaintiff Christensen incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

52.    The Ladder was manifestly defective and unreasonably dangerous when it left the possession of the Defendants in that it contained warnings insufficient to alert consumers, including Plaintiff Christensen, of the dangerous risks associated with using the Ladder, including but not limited to, the risk that the metal rungs could collapse and fold into themselves during proper use of the Ladder, and the risks of injury which could result from such a product failure, notwithstanding the Defendants' knowledge of the risks of this type of product failure and possible resulting injuries.

53.    At the time of Plaintiff Christensen's use of the Ladder, the Ladder was being used for the purposes and in a manner normally intended.

54.    Plaintiff Christensen could not, by the exercise of reasonable care, have discovered the defects herein mentioned and perceived their danger.

55.    Defendants, as manufacturers, distributors, and/or sellers of the Ladder, are held to the level of knowledge of an expert in the field.

56.    The warnings that were given by the Defendants were not accurate, clear, and/or were ambiguous.

57.    Plaintiff Christensen reasonably relied upon the skill, superior knowledge, and judgment of the Defendants.

58.    Defendants had a continuing duty to warn Plaintiff Christensen of the dangers associated with the Ladder.

59.    If Plaintiff Christensen received adequate warnings regarding the risks of the Ladder, Plaintiff would not have used it.

60.    As a direct and proximate result of Plaintiff Christensen's use of the Ladder, and Plaintiff's reliance on Defendants' representations regarding the character and quality of the Ladder, and the safety of its use, and/or the failure to comply with industry, federal and state standards, Plaintiff suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

61.    Plaintiff Christensen's use of the Ladder was a reasonably anticipated use in a reasonably anticipated manner.

62.    Defendants' actions and omissions as alleged in this Complaint demonstrate a flagrant disregard for human life, which warrants the imposition of damages.

63.    Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

**COUNT V**
**NEGLIGENCE**
**(Against All Defendants)**

64.　　Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

65.　　Defendants had a duty to exercise reasonable care in the design, manufacture, sale and/or distribution of the Ladder into the stream of commerce, including a duty to assure that its product did not pose a significantly increased risk of bodily harm and adverse events and/or a duty to comply with industry, federal and state requirements.

66.　　Defendants failed to exercise ordinary care in the design, formulation, manufacture, sale, testing, quality assurance, quality control, labeling, marketing, promotion and distribution of the Ladder into interstate commerce in that Defendants knew or should have known that the product caused significant bodily harm and was not safe for use by consumers, and/or through failure to comply with industry, federal and state standards.

67.　　Despite the fact that Defendants knew or should have known that the Ladder posed a serious risk of bodily harm to consumers, Defendants continued to manufacture and market the Ladder for use by consumers and/or continued to fail to comply with industry, federal and state standards.

68.　　Defendants knew or should have known that consumers such as Plaintiff Christensen would foreseeably suffer injury as a result of Defendants' failure to exercise ordinary

care as described above, including the failure to comply with industry, federal and state requirements.

69.     As a direct and proximate result of Defendants' negligence, Plaintiff Christensen suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damage and economic loss in the future.

70.     Plaintiff Christensen's use of the Ladder was a reasonably anticipated use in a reasonably anticipated manner.

71.     Defendants' conduct as described above, including but not limited to, its failure to adequately design and manufacture, as well as their continued marketing and distribution of the Ladder when they knew or should have known of the serious risks of injury they created and/or the failure to comply with industry, federal or state requirements, evidences a flagrant disregard of human life so as to warrant the imposition of punitive damages.

72.     Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

## COUNT VI
## BREACH OF EXPRESS WARRANTY
### (Plaintiff Christensen against all Defendants)

73.     Plaintiff Christensen incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

74.     Defendants expressly warranted that the Ladder was a safe device for its intended use as a ladder.

75.     As a direct and proximate result of Defendants' breach of warranty, Plaintiff Christensen suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

76.     Defendants' conduct as described above, including but not limited, its failure to adequately design and manufacture, as well as its continued marketing and distribution of the Ladder when it knew or should have know of the serious risks of injury it created and/or the failure to comply with industry, federal and state requirements, evidences a flagrant disregard of human life so as to warrant the imposition of punitive damages.

77.     Plaintiff Christensen seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

## COUNT VII
## BREACH OF IMPLIED WARRANTY
### (Plaintiff Christensen against all Defendants)

78.     Plaintiff Christensen incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

79.     At the time Defendants designed, manufactured, marketed, sold, and distributed the Ladder for use by Plaintiff Christensen, Defendants knew of the use for which the Ladder was intended and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling, and marketing complied with all applicable industry, federal and state requirements.

80.     Plaintiff Christensen reasonably relied upon the skill and judgment of Defendants as to whether the Ladder was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters, including that it was in compliance with all industry, federal and state requirements.

81.     Contrary to such implied warranty, the Ladder was not of merchantable quality or safe for its intended use, because the product was defective as described above, and/or it failed to comply with industry, federal and state requirements.

82.     As a direct and proximate result of Defendants' breach of warranty, Plaintiff Christensen suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

83.     Defendants' conduct as described above, including but not limited to, its failure to adequately design and manufacture, as well as its continued marketing and distribution of the Ladder when it knew or should have known of the serious health risk it created and/or the failure to comply with industry, federal and/or state requirements, evidences a flagrant disregard of human life so as to warrant the imposition of punitive damages.

84.     Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

## COUNT VIII
## NEGLIGENT MISREPRESENTATIONS
### (Against all Defendants)

85.     Plaintiff Christensen incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

14

86.     In the exercise of reasonable care, Defendants should have known that its Ladder failed to comply with industrial, federal and state requirements for safe design and manufacture and/or was in other ways out of specification, yet Defendants negligently misrepresented to Plaintiff Christensen that the Ladder was safe and met all applicable design and manufacturing requirements.

87.     Additionally, Defendants represented to Plaintiff Christensen that the Ladder was safe for users weighing up to 250 lbs, and also that it was safe for users to stand on the fourth rung of the Ladder.

88.     Plaintiff Christensen reasonably relied to its detriment upon Defendants' misrepresentations and omissions their labeling, advertisements, and promotions concerning the serious risks posed by these products.  Plaintiff reasonably relied upon Defendants' representations that the Ladder was safe for use.

89.     As a direct and proximate result of Defendants' negligent misrepresentations and omissions and/or their failure to disclose their violations of industry, federal and state requirements applicable to the Ladder, Plaintiff Christensen suffered physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

90.     Defendants' actions and omissions as alleged in the Complaint demonstrate a flagrant disregard for human life, so as to warrant the imposition of punitive damages.

91.     Plaintiff Christensen seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

## COUNT IX
## FRAUDULENT MISREPRESENTATION
## (Against all Defendants)

92.     Plaintiff Christensen incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein and alleges as follows.

93.     Defendants falsely and fraudulently represented to Plaintiff, and to the public in general, that the ladder was safe for use, including safe for users up to 250 lbs in weight, and users standing on the fourth rung.

94.     These representations made by the Defendants were, in fact, false.

95.     When said representations were made by the Defendants, they knew those representations to be false and it willfully, wantonly and recklessly disregarded whether the representations were true.

96.     Defendants knowingly and intentionally made false representations of material fact to Plaintiff Christensen, including but not limited to claims that the Ladder was a safe device useable for its intended purpose.

97.     These representations were made by the Defendants with the intent of defrauding Plaintiff Christensen, and the public in general, and were made with the intent of inducing the public in general to purchase the Ladder or similar products, all of which evidenced a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff Christensen and the public in general.

98.     At the time the aforesaid representations were made by the Defendants and, at the time Plaintiff Christensen used the Ladder, Plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

99.     In reliance upon said representations, Plaintiff Christensen was induced to, and did use the subject product, thereby sustaining severe and permanent personal injuries, including but not limited to, significant pain and discomfort, as well as other severe and permanent health consequences, notwithstanding the Defendants' knowledge of an increased risk of these injuries over other ladders.

100.    Defendants knew and were aware or should have been aware that the Ladder had not been sufficiently tested, was defective in nature, and/or that it lacked adequate and/or sufficient warnings.

101.    Defendants knew or should have known that the Ladder had a potential to, could and would cause severe and grievous injury to the users of said product, and that it was inherently dangerous in a manner that exceeded by purported, inaccurate, and/or downplayed warnings.

102.    Defendants brought the subject product to the market, and acted fraudulently, wantonly and maliciously to the detriment of Plaintiff Christensen.

103.    As a direct and proximate result of Defendants' fraudulent misrepresentations and omissions and/or its failure to disclose its violations of industry, federal and/or state requirements applicable to the Ladder, Plaintiff Christensen suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

104.     Defendants' actions and omissions as alleged in this Complaint demonstrate a flagrant disregard for human life, so as to warrant the imposition of punitive damages.

105.     Plaintiff Christensen seeks actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

### COUNT X
### PUNITIVE DAMAGES
### (Against all Defendants)

106.     Plaintiff Christensen incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein, and further alleges as follows.

107.     At all times material hereto, the Defendants knew or should have known that their Ladder was inherently more dangerous with respect to the risk of collapsing during use than the alternative ladder options on the market.

108.     At all times material hereto, the Defendants attempted to misrepresent and did misrepresent facts concerning the safety of the subject product.

109.     Defendants' misrepresentations included knowingly withholding material information from the public, including Plaintiff Christensen, concerning the safety and efficacy of the subject product.

110.     At all times material hereto, the Defendants knew and recklessly disregarded the fact that the Ladder was subject to an increased risk of collapsing and causing injury with far greater frequency than safer ladder options on the market.

111.    Notwithstanding the foregoing, the Defendants continued to aggressively market the subject product without disclosing that there were safer alternatives.

112.    The Defendants knew of the subject product's defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop, manufacture, market, distribute and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff Christensen, in conscious and/or negligent disregard of the foreseeable harm.

113.    The Defendants' intentional and/or reckless, fraudulent and malicious failure to disclose information deprived Plaintiff Christensen of necessary information to enable him to weigh the true risks of using the subject product against its benefits.

114.    As a direct and proximate result of the Defendants' conscious and deliberate disregard for the rights and safety of consumers such as the Plaintiff, Plaintiff Christensen suffered severe and permanent physical injuries as set forth above.

115.    The aforesaid conduct of Defendants was committed with knowing, conscious and deliberate disregard for the rights and safety of consumers, including Plaintiff Christensen, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish the Defendants and deter them from similar conduct in the future.

116.    Plaintiff seeks actual and punitive damages for the Defendants as alleged herein.

WHEREFORE, Plaintiff Christensen demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

## CLASS ACTION ALLEGATIONS AND CAUSES OF ACTION

117.    Plaintiff Lawrence incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein, and further alleges as follows.

118.    Defendant Louisville Ladder is the manufacturer, designer, distributor, seller, and/or supplier of ladders, including the Ladder.

119.    Defendant Walmart is in the business of selling and advertising for sale certain merchandise or retail products in trade or commerce through Missouri and the United States.

120.    Defendants have advertised and sold the Ladder model and similar ladders to consumers and other purchasers throughout Missouri and the United States.

121.    Plaintiff Lawrence purchased the Ladder on June 2, 2019 at Walmart.

122.    The Ladder model and similar ladders contained labeling on the package which indicated the ladders would support users weighing up to 250 lbs, and that users could safely stand on the fourth rung of the ladders.

123.    By labelling and selling ladders in this manner, Defendants sought to create, and did create, an image of the ladders that they were safe for use.

124.    Defendants' product labelling, advertising and marketing of the ladders were material to a reasonable consumer.

125.    At the time of Defendants' labeling, advertisements, marketing and other representations, and as Defendants already knew or should have known, the ladders were dangerous, lacked adequate warnings, and contained representations and omissions that were false, deceptive and misleading to consumers seeking to purchase the ladders.

126.    As a direct and proximate result of this occurrence, many purchasers have suffered personal injuries and property damage due to their use of the ladders.

20

127.    Further, purchasers have suffered damages as a result of the amounts paid for the ladders due to the difference in value between the intended product, and the defective product purchased which contains a manifest defect in materials and construction.

128.    Defendants had previous notice of other incidents in which rungs of their ladders collapsed during normal use.

129.    As of the filing of this Class Action Complaint, Defendants continue to manufacture and sell ladders similar to the Ladder and made from similar materials and designs.

130.    Defendants have failed to warn their customers of the defects in the ladders, failed to recall the defective ladders, and failed to reimburse Plaintiff Lawrence and other purchasers for the cost of purchasing the defective ladder.

131.    This action is brough by Plaintiff Lawrence against Defendants to recover all money paid by Plaintiff and other class members to Defendants for the purchase of defective ladders, for recovery of other damages including punitive damages, attorney's fees, costs, and for all other remedies available to those aggrieved by Defendants' conduct.

132.    Plaintiff Lawrence brings these causes of action on behalf of herself, and as a class action under Federal Rule of Civil Procedure 23 and/or Mo. Rev. Stat. 407.025 on behalf of the members of the "Model W-2112-065 Class", asserting Counts XI, XII, and XIII hereinbelow, and defined as follows:

> All persons residing in Missouri who within the past five (5) years purchased a Louisville Ladder Model W-2112-065 or similar model from Louisville Ladder or Walmart.

133.    Excluded from this Class are Defendants, their officers, directors, and employees, any entity in which either Defendant has a controlling interest, and any affiliate, legal representative, heir or assign of any Defendant.  Also excluded from the Class is any judicial

officer presiding over this action and the members of his/her/their immediate family and judicial

staff, jurors, and Plaintiff's counsel and employees of their law firms.

134.    The Class is readily ascertainable because records of the relevant transactions

should exist.

135.    The Class members are so numerous that individual joinder of all its members is

impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes that the

Class has many thousands of members, the exact number and their identities being known to

Defendants.

136.    Plaintiff will fairly and adequately protect the interests of the members of the

Class.  Plaintiff's interests are aligned with, and not antagonistic to, those of the other members

of the Class.

137.    Common questions of law and fact exist as to all members of the Class and

predominate over questions affecting only individual Class members.  These common legal and

factual questions, include but are not limited to:

       a.    Whether Defendants were engaged in the design, manufacture, marketing,

promotion and sale of the Ladder;

       b.    Whether the Ladder contains a manifest defect in the form of defective

materials and/or construction which renders the ladder rungs unsafe for use;

       c.    Whether Defendants breached their implied and/or express warranties to

purchasers of the Ladder through the defect(s);

       d.    Whether Defendants violated the Missouri Merchandising Practices Act

through the defect(s);

       e.    Whether Defendants' conduct is unlawful;

22

   f. Whether Defendants' actions caused damages to the Class members and the amount of those damages;

   g. The appropriate class-wide measure of damages.

138. Plaintiff's claims are typical of the claims of members of the Class because their claims arise from the same course of conduct by Defendants and the relief sought within the Class is common to each member.

139. Plaintiff has retained counsel competent and experience in the prosecution of class action litigation to represent herself and the Class. Together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the Class. The interest of Class members will be fairly and adequately protected by Plaintiff and her counsel.

140. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual members of the Class would impose heavy burdens on the Court, and potential plaintiffs and Defendants, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort, and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results. Absent a class action, it would not be feasible for the members of the Class to seek redress for the violations of law alleged herein.

**COUNT XI**
**VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT**
**MO REV. STAT. § 407.025**
**(Against all Defendants)**

141. Plaintiff Lawrence incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein, and further alleges as follows.

142.    The Missouri Merchandising Practices Act (the "Act" or "MMPA") provides that "[t]he act, use or employment by any person of any deception…[or] unfair practice, or the concealment…of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce…is declared to be an unlawful practice." Mo. Rev. Stat. § 407.020.1.

143.    The enabling regulations for the Act define an "unfair practice" as conduct that (1) offends public policy; (2) is unethical, oppressive, and unscrupulous; (3) causes a risk of substantial injury to consumers; (4) was not in good faith; (5) is unconscionable; or (6) is unlawful.  See Mo. Code Regs. Ann. tit. 15, § 60-8.

144.    The Act authorizes private causes of action, and class actions.  Mo. Rev. Stat. §§ 407.025.1; 407.025.5.

145.    Plaintiff purchased the Ladder from Defendants.

146.    Defendants violated the Act by manufacturing, marketing and selling the Ladder with manifest defect(s), including a design and materials that allowed the metal ladder rungs to crumple and fold while being used, and with no warning to consumers of such defects.

147.    As set forth herein, Defendants' conduct is unlawful and constitutes unfair practices under the Act.

148.    Defendants' violations of the Act were willful and knowing.

149.    Plaintiff and the Class members seek a declaration that Defendants' methods, acts and practices violate the Act; actual damages including the refund of their purchase price for the Ladder and similar models; restitution; rescission, disgorgement of all profits obtained from Defendants' unlawful conduct; pre- and post-judgment interest; punitive damages, and attorney's fees and costs.

## COUNT XII
## BREACH OF EXPRESS WARRANTY
### (Plaintiff Lawrence and other class members against all Defendants)

150.     Plaintiff and the other class members incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

151.     Defendants expressly warranted that the Ladder was a safe device for its intended use as a ladder.

152.     As a direct and proximate result of Defendants' breach of warranty, Plaintiff and the other class members suffered harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

153.     Defendants' conduct as described above, including but not limited, its failure to adequately design and manufacture, as well as its continued marketing and distribution of the Ladder when it knew or should have known of the manifest defect created by using materials and designs which allowed the ladder rungs to collapse upon themselves, and the failure to comply with industry, federal and state requirements, evidences a flagrant disregard of human life so as to warrant the imposition of punitive damages.

154.     Plaintiff and the other class members seek actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff Lawrence and the other class members demand judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

## COUNT XIII
## BREACH OF IMPLIED WARRANTY
### (Plaintiff Lawrence and other class members against all Defendants)

155.    Plaintiff Lawrence and the other class members incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein and further allege as follows.

156.    At the time Defendants designed, manufactured, marketed, sold, and distributed the Ladder for purchase by Plaintiff and the other class members, Defendants knew of the use for which the Ladder was intended and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling, and marketing complied with all applicable industry, federal and state requirements.

157.    Plaintiff and the other class members reasonably relied upon the skill and judgment of Defendants as to whether the Ladder was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters, including that it was in compliance with all industry, federal and state requirements.

158.    Contrary to such implied warranty, the Ladder was not of merchantable quality or safe for its intended use, because the product was defective as described above, and/or it failed to comply with industry, federal and state requirements.

159.    As a direct and proximate result of Defendants' breach of warranty, Plaintiff and the other class members suffered harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

160.    Defendants' conduct as described above, including but not limited to, its failure to adequately design and manufacture, as well as its continued marketing and distribution of the Ladder when it knew or should have known of the serious risk it created and/or the failure to

comply with industry, federal and/or state requirements, evidences a flagrant disregard of human life so as to warrant the imposition of punitive damages.

161.    Plaintiff and the other class members seek actual and punitive damages from Defendants as alleged herein.

WHEREFORE, Plaintiff Lawrence and the other class members demand judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorney's fees, and all such other relief as the Court deems proper.

## PLAINTIFF CHRISTENSEN'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christensen demands judgment against Defendants on each of Counts I-X of the above-referenced claims and causes of action, as follows:

A.    Awarding compensatory damages to Plaintiff for past and future damages, including but not limited to, pain and suffering for severe and permanent personal injuries, and healthcare costs and lost wages;

B.    Punitive and/or exemplary damages for the wanton, willful, fraudulent, and reckless acts of Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and Plaintiff in an amount sufficient to punish Defendants and deter future similar conduct;

C.    Awarding Plaintiff's attorney's fees;

D.    Awarding Plaintiff the costs of the proceedings; and

E.    Such other and further relief as this Court deems just and proper.

## CLASS MEMBERS' PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lawrence and the other class members demand judgment against Defendants on each of Counts XI-XIII of the above-referenced claims and causes of action, as follows:

A.     Declaring that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or the MMPA, and for an order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class;

B.     Declaring that the actions of Defendants, as set forth above, are unlawful;

C.     A permanent injunction under the MMPA enjoining Defendants from engaging in conduct in violation of the MMPA, including further sales of the Ladder or similarly defective models;

D.     Appropriate injunctive and equitable relief;

E.     An award to Plaintiff and the other members of the Class for damages and/or restitution in an amount to be determined at trial;

F.     An award of pre- and post-judgment interest to Plaintiff and the other members of the Class;

G.     An award of punitive damages to Plaintiff and the other members of the Class under the MMPA or other causes of action;

H.     An order awarding Plaintiff and the Classes their attorney's fees and costs and expenses incurred in connection with this action; and

I.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of

Civil Procedure, of all issues so triable.


Dated: February 7, 2023                    Respectfully submitted,

                                           */s/ Michael C. Seamands*
                                           Michael C. Seamands, #45989
                                           Law Offices of Michael C. Seamands, LLC
                                           1401 S. Brentwood Blvd, Suite 825
                                           St. Louis, MO 63144
                                           Tel:  314.802.7730
                                           Fax:  314.260.9645
                                           mcs@mcs-legal.com
                                           *Attorney for Plaintiff*