UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSICA LAWRENCE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:23CV136 HEA |
| LOUISVILL LADDER, INC., et al., | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss Counts XI, XII, and XIII of Plaintiff's Complaint, filed by Defendant Louisville Ladder, Inc., [Doc. No. 24]. Defendant moves to dismiss claims brought by Plaintiff Jessica Lawrence related to products plaintiff did not purchase, for lack of standing. In addition, Defendant moves to dismiss claims brought under Missouri's Merchandising Practices Act and state common law for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs oppose the motion, which is fully briefed and ripe for review. For the reasons that follow, the Court grants Defendant's motion.

**Facts and Background**

Plaintiffs allege in their Complaint that Plaintiff Christensen was injured while using Defendant's ladder when he was standing on the fourth rung of the ladder. Plaintiff Lawrence purchased the ladder from Walmart. Plaintiffs claim the

ladder was defective in that the first rung of the ladder collapses into itself while someone is standing on the fourth rung. Plaintiffs claim Defendant has misled and continues to mislead consumers into believing its products are fit for their intended purpose. Plaintiff Lawrence seeks to represent consumers who were allegedly misled into purchasing Defendant's ladders under false representations that the products were safe for use. Plaintiff Lawrence seeks to bring this suit on behalf of herself and those similarly situated.

Defendant manufactures a variety of ladders which are sold in retail stores. Plaintiff Lawrence, who is a citizen of Missouri, alleges she purchased the ladder online from Walmart and received the ladder in Missouri.

Relevant to this motion, Defendant challenges the three counts brought by Plaintiff Lawrence on behalf of herself and others similarly situated. Count XI asserts Defendant has violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.025 ("MMPA"). In Count XII, Plaintiff brings a common law claim for breach of express warranty. Plaintiff asserts a claim of breach of implied warranty in Count XIII.

Plaintiff seeks to bring claims on behalf of herself and a class of Missouri consumers. Plaintiffs ask the Court to enter an order declaring Defendant's actions are unlawful and  an injunction under the MMPA enjoining Defendant from

2

engaging in conduct in violation of the MMPA. Plaintiff seeks compensatory and punitive damages, injunctive relief, and attorneys' fees.

## Discussion

**Motion to Dismiss for Lack of Standing**

Defendant argues Plaintiff lacks standing to bring claims related to products she did not purchase. In the Complaint, Plaintiff alleges she purchased a Louisville Ladder Model W-2112-06S but seeks to bring claims on behalf of members of a class concerning similar models of ladders. Citing *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 763 (W.D. Mo. 2015), Defendant seeks to limit Plaintiff to claims related to the exact products she purchased. In her Response Memorandum, Plaintiff argues she is allowed to represent others who purchased products that are substantially similar to the one she purchased.

District courts within Missouri are split as to whether a plaintiff may assert claims on behalf of a class that relate to products the named plaintiff did not personally purchase. In *Kelly*, the plaintiff sought to represent consumers who had purchased 16 varieties of potato chips. 81 F. Supp. 3d at 763. Finding the plaintiff "was neither personally nor actually harmed as to those twelve varieties," the district court limited the plaintiff's claims on standing grounds to the four varieties she had purchased. *Id*. Other courts have reached similar conclusions. See, e.g., *Drew v. Lance Camper Mfg. Corp.*, No. 3:21-CV-5066, 2021 WL 5441512, at *7

(W.D. Mo. Nov. 19, 2021) (plaintiff does not have standing to assert claims with respect to products the plaintiff did not himself purchase); *Smith v. Atkins Nutritionals, Inc.*, No. 2:18-CV-4004, 2018 WL 9868591, at *7 (W.D. Mo. May 8, 2018) (same).

Not all courts, however, are so rigid. *Lizama v. Venus Lab'ys, Inc.*, No. 4:22-CV-841 RLW, 2023 WL 4198097 (E.D. Mo. June 27, 2023). Courts applying the "substantially similar" test find that the "overarching question" for standing is whether the named plaintiff's injury is substantially similar to "the claims of those [he] seeks to represent." *Browning v. Anheuser-Busch, LLC*, 539 F. Supp. 3d 965, 977 (W.D. Mo. 2021) (cleaned up). Applying this test, courts consider whether the products at issue and the "operative facts that give rise to the putative class representative['s] and the putative class's claims" are similar. *Id*. (cleaned up). In *Goldman v. Tapestry, Inc.*, 501 F. Supp. 3d 662, 667 (E.D. Mo. 2020), for example, the plaintiff challenged the discount pricing practices at an outlet store. The defendant argued, based on standing, that as a matter of law the plaintiff's claims should be limited to the nine items she actually purchased. The district court did not agree. The district court noted that the plaintiff was alleging she was harmed by the defendant's discount pricing scheme, not the products themselves. *Id*. at 667. The district court found that the pricing scheme applied to products the plaintiff purchased, as well as to those she did not purchase but which members of

4

the proposed putative class had. The district court concluded the plaintiff had standing to assert claims on behalf of a class as to products she did not purchase, "as long as the products and alleged misrepresentations are substantially similar." *Id*. (quotation and citations omitted).

The Court agrees with courts finding the "substantially similar" approach to be the appropriate test for standing in a proposed class action and will apply it here. The Court finds, based on the allegations in the Complaint, that Plaintiff Lawrence has standing to bring claims on behalf of unnamed class members related to substantially similar ladders.

Further, Plaintiff alleges she seeks to represent purchasers of the ladders based on personal injury, property damages, and the cost of the ladder itself. Clearly, these allegations at this stage of the litigation state a concrete injury in fact. "Plaintiffs can satisfy the injury in fact requirement for contract-related claims by alleging they did not receive the full benefit of their bargain. *Kuhns v. Scottrade, Inc*. 868 F.3d 711, 716 (8th Cir. 2017). Plaintiffs show an actual economic injury for the purposes of standing when they allege a difference between the amount paid and the value of the services or products received. *Id*.; *Carlsen v. GameStop*, Inc., 833 F.3d 903, 909 (8th Cir. 2016)." *Boone v. PepsiCo, Inc*., 653 F. Supp. 3d 635, 643 (E.D. Mo. 2023).

**Motion to Dismiss for Failure to State a Claim**

Defendant moves to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), claims Plaintiff is asserting against it for failure to state a claim. In its motion, Defendant makes the following arguments: Plaintiff failed to provide pre-suit notice for her breach of warranty claims; Plaintiff's implied warranty claim is individual in nature and therefore individual issues predominated; Plaintiff fails to plead the required elements to a state claim for an MMPA violation.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. A complaint must offer more than " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Twombly*, 550 U.S. at 556, and reviews the complaint to

6

determine whether its allegations show that the pleader is entitled to relief. *Id*. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id*.

A claim sounding in fraud is subject to a heightened pleading standard, and the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, the pleader must generally set forth the "who, what, when, where, and how of the misconduct charged." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal quotation marks and quoted cases omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (quoted case omitted).

**Breach of express and implied warranty**

Defendant moves to dismiss Plaintiff's claim for breach of express warranty under Missouri law. To state a breach of express warranty in Missouri, a plaintiff must establish: (1) the defendant sold goods to the plaintiff; (2) the seller made a

7

statement of fact about the kind or quality of those goods; (3) the statement was a fact that was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to that statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely manner. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010) (en banc). An express warranty is created when "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." *Wilson v. Marquette Elecs., Inc.*, 630 F.2d 575, 579 (8th Cir. 1980); *Hays v. Nissan N. Am. Inc.*, 297 F. Supp. 3d 958, 961 (W.D. Mo. 2017).

To state a claim for breach of implied warranty in Missouri, a plaintiff must allege " '(1) that a merchant sold goods, (2) which were not merchantable at the time of the sale, (3) injury and damages to plaintiff or his property, (4) which were caused proximately or in fact by the defective nature of the goods, and (5) notice to the seller of the injury.' " *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 90 (Mo. Ct. App. 2011) (quoting *Ragland Mills, Inc. v. Gen. Motors Corp.*, 763 S.W.2d 357, 360 (Mo. Ct. App. 1989)).

Defendant argues Plaintiff failed to provide the required pre-suit notice.

This Court's analysis in *Budach* has been adopted elsewhere. *See Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339, 1348 (E.D. Mo. 2020)

8

> ("Other district courts—both in th[e Eastern] District and the Western District of Missouri—have since agreed that the Missouri Supreme Court would follow this majority view and require that reasonable notice must be provided pre-suit."); *id.* at 1349 ("After consideration, the Court is persuaded by Judge Laughrey's analysis and agrees that Missouri would require pre-suit notice of the breach of warranty claim."). Requiring pre-lawsuit notice is consistent with the legislative history and purpose (to encourage cure or settlement and provide notice for preservation of evidence). *Id.*

*Holman v. Ali Indus., LLC.*, 674 F. Supp. 3d 623, 626–27 (W.D. Mo. 2023).

Plaintiff argues the letter sent by her attorney to Defendant provides the requisite pre-suit notice of her breach of warranty claims. As Defendant points out, this letter fails to mention any warranty or any breach thereof. The Court agrees. "It is not enough that the seller be given notice of the mere facts constituting a nonconforming tender; he must also be informed that the buyer considers him to be in breach of the contract." *S. Illinois Stone Co. v. Universal Eng'g Corp.*, 592 F.2d 446, 452 (8th Cir. 1979). The breach of warranty claim must therefore be dismissed.

**Missouri Merchandising Practices Act**

Defendant moves to dismiss Plaintiff's claim asserting violations of the MMPA. The MMPA was enacted to protect Missouri consumers from fraudulent business practices. *State ex rel. Nixon v. Telco Directory Pub.*, 863 S.W.2d 596, 601 (Mo. 1993) (en banc); *State v. Polley*, 2 S.W.3d 887, 892 (Mo. Ct. App. 1999). The

MMPA permits civil claims by "[a]ny person who purchases . . . . merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020 . . . . ." Mo. Rev. Stat. § 407.025. See also *Hess v. Chase Manhattan Bank, USA*, N.A., 220 S.W.3d 758, 773 (Mo. 2007) (en banc). Section 407.020 bars a variety of conduct, including "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact . . . . ." Mo. Rev. Stat. § 407.020.

In 2020, the MMPA was amended to provide that "[a] person seeking to recover damages shall establish" the following:

> (a) That the person acted as a reasonable consumer would in light of all circumstances;
>
> (b) That the method, act, or practice declared unlawful by section 407.020 would cause a reasonable person to enter into the transaction that resulted in damages; and
>
> (c) Individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty.

Mo. Rev. Stat. § 407.025. The following language was also added to the statute: "A court may dismiss a claim as a matter of law where the claim fails to show a likelihood that the method, act, or practice alleged to be unlawful would mislead a reasonable consumer." *Id*.

Defendant argues Plaintiff fails to sufficiently plead scienter. In response, Plaintiff argues her allegations that "Defendants violated the Act by manufacturing, marketing and selling the Ladder with manifest defect(s), including a design and materials that allowed the metal ladder rungs to crumple and fold while being used, and with no warning to consumers of such defects" and "Defendants' violations of the Act were willful and knowing." are sufficient to plead scienter. These broad and nonspecific allegations are insufficient to state a claim under the MMPA.

> "The MMPA is a broad statute, prohibiting '[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce....' " *Blake*, 2009 WL 140742, at *2 (citing Mo.Rev.Stat. § 407.020.1). Fed.R.Civ.P. 9(b) requires that allegations of fraud be pleaded with particularity. In other words, Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." *Love*, 2012 WL 10612, at * 1 (quoting *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir.2011)). "Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims." *Id*. (citations omitted). See also, *Khaliki v. Helzberg Diamond Shops, Inc.*, 2011 WL 1326660, at *3 (W.D.Mo. Apr. 6, 2011).
>
> In Counts IV and XI [sic], Plaintiff broadly and nonspecifically alleges that Smith & Wesson and Remington Arms engaged in "deception, fraud, false promise, misrepresentation and unfair business practices" and "concealed, suppressed and omitted material facts in the marketing and selling" of the handgun and ammunition in violation of the MMPA (Compl., ¶¶ 70–73, 89–92) These bare legal conclusions fail to meet the particularity requirements of Fed.R.Civ.P. 9(b). Plaintiff has not detailed the specific unlawful practices Defendants are alleged to have committed in marketing and selling their products or the "material facts" allegedly concealed, suppressed and omitted. See, *Baryo v. Phillip Morris USA, Inc.*, 435 F.Supp.2d 961, 968 (W.D.Mo.2006) (allegations that defendants represented to the general

public, including plaintiff, that: cigarettes were not addictive; smoking was healthy; there was no evidence linking smoking with cancer or other diseases; their paramount concern was the public health; and that they would support independent research on the relationship between smoking and health and disclose the results of such research, found to be conclusory allegations and insufficient to satisfy Rule 9(b)).

*Pfitzer v. Smith & Wesson Corp., No*. 4:13-CV-676-JAR, 2014 WL 636381, at *3 (E.D. Mo. Feb. 18, 2014).

## Conclusion

Based upon the foregoing, Defendant's Motion is well taken. Counts XI, XII, and XIII will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts XI, XII, and XIII of Plaintiff's Complaint is granted.

**IT IS FURTHER ORDERED** that Counts XI, XII, and XIII are dismissed.

Dated this 28th  day of March,  2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE